**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **K.G.**

**No. 22-842** (Ohio County CC-35-2022-JA-75)


**MEMORANDUM DECISION**


Petitioner Father D.G.[1] appeals the Circuit Court of Ohio County's October 11, 2022, order terminating his parental rights to K.G.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2022, the DHHR filed an abuse and neglect petition alleging that infant K.G. tested positive "for suboxone, as well as amphetamines/methamphetamines" shortly after birth. Further, the petition alleged that petitioner admitted that he used methamphetamines during the mother's pregnancy. Petitioner later stipulated to the drug use and was then adjudicated as "an abusive and/or neglectful parent."

Petitioner subsequently filed a motion for a post-adjudicatory improvement period. The circuit court held a hearing on the motion, where petitioner was not present but was represented by counsel. The court received evidence that, other than two supervised visits, both parents failed to appear for several visits and that further visitation was temporarily suspended due to both parents' failure to comply with drug screening. The court denied the motion and set the case for disposition.

The circuit court held a dispositional hearing in September 2022, receiving testimony from a visitation supervisor, a DHHR worker, and petitioner. The visitation supervisor testified that she supervised two visits with the child and the parents. At the first scheduled visit, petitioner watched

---

[1]Petitioner appears by counsel John M. Jurco. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Counsel Tyler L. Cline appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

a movie on his phone and left the visit early. Petitioner cancelled the next two scheduled visits due to transportation issues. At the second visit he attended, petitioner fell asleep during the visit and left the visit early. Petitioner failed to attend the next scheduled visit. The supervisor further testified that she was directed to cancel the last scheduled visit because both parents stopped attending drug screening. Additionally, she testified that, based on her observations during their visits, she did not feel that petitioner had established any type of meaningful relationship with the child.

The DHHR worker testified that petitioner was directed by the court to attend drug screening two to three times per week, depending on the call-in schedule, and that petitioner was informed at a multidisciplinary team meeting that petitioner was not permitted to use any substances, including alcohol. Petitioner did attend some drug screenings; however, two screens returned a positive result for alcohol. Further, prior to his last screening on August 3, 2022, petitioner failed to attend ten screens and did not attend any drug screens in the month between his last screen and the dispositional hearing.

After receiving testimony and evidence, the circuit court found that petitioner failed to attend numerous court-ordered drug screens, tested positive for alcohol twice, failed to attend or cancelled several visitations, and showed a "lack of parenting and commitment" at the two visits he attended. The court found that there was "no reasonable likelihood that the conditions of abuse and neglect will be substantially correct in the near future" and that termination of petitioner's parental rights was necessary for K.G.'s welfare. Consequently, the court terminated petitioner's parental rights by order entered on October 11, 2022.[3] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner broadly argues that the circuit court erred in terminating his parental rights and in not granting a less restrictive disposition. In support of this contention, petitioner argues that "there was a reasonable likelihood that the conditions of abuse or neglect could have been substantially corrected in the near future," and, therefore, the trial court should have "dispose[d] of the case in a manner less restrictive than termination of the petitioner's rights." Petitioner's argument, however, lacks a basis in the record.

On the contrary, the record contains ample evidence of petitioner's failure to participate in court-ordered services throughout the case, including failing to attend visitation time with the child, testing positive for alcohol, and missing multiple drug screens. According to West Virginia Code § 49-4-604(d)(3), there is no reasonable likelihood conditions of abuse or neglect can be substantially corrected when the parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." Further, we have explained that "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Because the circuit court made the requisite

---

[3]The mother's parental rights were also terminated below. The permanency plan for K.G. is to be adopted in his current foster placement.

findings based upon sufficient evidence to support termination of petitioner's parental rights, we find no error. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 11, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn